

**SIGNED this 12 day of June, 2017.**

_____
**John T. Laney, III
United States Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| In re: | * | |
| PETER SOLOMON, III, | * | Chapter 13 |
| Debtor, | * | Case Number: 14-40573- JTL |
| | * | |
| PETER SOLOMON, III, | * | |
| | * | |
| Movant, | * | |
| | * | **Contested Matter** |
| v. | * | |
| | * | |
| WILMINGTON TRUST, N.A., | * | |
| | * | |
| Respondent. | * | |

### MEMORANDUM OPINION

This contested matter comes before the Court on an Objection to Proof of Claim 3 ("Objection") filed by the Debtor, Peter Solomon ("Debtor") on February 2, 2017. In his Objection, the Debtor objects to the claim of Wilmington Trust, N.A. ("Creditor") and seeks to disallow the Creditor's claim of $13,011.29 on the basis that the Creditor's Proof of Claim was

1

untimely filed.  The Creditor filed a Response on March 6, 2017. In its Response, the Creditor asserts that its claim was previously allowed as a general unsecured claim by this Court's Order in Adversary Case No. 16-04006 ("Adversary Proceeding").[1] The Court held a hearing on May 31, 2017. On the same day, the Court took this matter under advisement.

Pursuant to 28 U.S.C. § 157(b)(2)(B), proceedings regarding the allowance or disallowance of claims against the bankruptcy estate are core proceedings.  The Court states its findings of facts and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 7052, which is applicable to contested matters through Rule 9014(c).  The issues before the Court are whether a consent order that does not address the timeliness of a late-filed proof of claim can deem such an untimely filed claim as an allowed, general non-priority unsecured claim and furthermore, whether the court has the authority to enlarge the amount of time for filing the Creditor's proof of claim.

## Findings of Fact

In the Adversary Proceeding, the Court entered a Consent Order on the Debtor's Motion to Determine Secured Status. Per the Consent Order, the claim in question was to be treated as an unsecured claim within the context of the Chapter 13 case. The language of paragraph two of the Consent Order states that the claim "shall be treated as a general non-priority unsecured claim, subject to discharge in the Chapter 13 case." The Consent Order did not address the timeliness of filing the Proof of Claim. The Consent Order was prepared by Debtor's Counsel and signed by all parties. The deadline to file the Proof of Claim was November 3, 2014, and the Creditor did not file the Proof of Claim until July 16, 2015. The Order was entered August 30, 2016.

---

[1] J.P. Morgan Chase Bank, N.A. ("J.P. Morgan"), the named defendant in the adversary proceeding, filed an answer as servicer for Wilmington Trust, N.A. Wilmington Trust, N.A. is listed on Claim 3 as holding the second security deed on the property. Wilmington Trust, N.A. is the mortgage holder while J.P. Morgan is the mortgage servicer.

**Conclusions of Law**

The Court is bound to enforce a consent order strictly according to its terms. *In re Taylor*, 2009 Bankr. LEXIS 1862 at *9 (Bankr. N.D. Ala. July 7, 2009). A consent order is a judgment and must be construed as written. *Id*. Any provision alleged to exist in the consent order must be found within the four corners of the document. *Id*. Absent ambiguity in the language, there can be no departure from the "four corners" rule. *Id*.

Even if the Consent Order addresses the timeliness of filing the proof of claim, the Court does not have the authority to allow an untimely filed claim so that the creditor can receive distributions under the Chapter 13 plan. *In re Turner*, 157 B.R. 904, 906 (Bankr. N.D. Ala. 1993). The 90-day deadline for filing unsecured claims, either priority or non-priority, is an absolute bar. *Id*. The Court has no authority to enlarge that time or permit an untimely filed proof of claim to be paid by distributions under the Chapter 13 plan. *Id*. In a Chapter 13 case, a creditor must file a timely proof of claim in order for the claim to be allowed. *In re Durham*, 329 B.R. 899, 901 (M.D. Ga. 2005). The claim must be allowed in order for a creditor to receive distribution through the plan. *Id*. at 902.

Another judge in the United States Bankruptcy Court for the Middle District of Georgia discussed that Rule 3002(c) provides that in a Chapter 13 case, "a proof of claim is timely filed if it is filed no later than 90 days after the first date set for the meeting of creditors called under § 341 of the Code." *In re Glawson*, 2013 WL 4777194 at *2 (Bankr. M.D. Ga. Sept. 3, 2013). Rule 9006(b)(3) provides that the court may enlarge the time to file a proof of claim only to the extent and under the conditions of the six exceptions to the claims bar date set forth in Rule 3002(c): (1) claims set forth by government units; (2) claims filed by or on the behalf of an infant or incompetent person; (3) an unsecured claim which arises in favor of an entity or becomes

allowable as the result of judgment; (4) claims arising from rejection of an executory contract or unexpired lease; (5) Cases originally noticed as a "no asset" case in which distribution later becomes possible; and (6) claims filed by creditors who received notice at a foreign address. *Id*. Rule 3002(c)(3) only allows an additional 30 days for the unsecured creditor to file its proof of claim. Allowing a claim that was untimely filed that does not meet one of the six exceptions listed in Rule 3002(c) would contravene the Bankruptcy Code and is outside of the Court's authority. *In re Glawson*, 2013 WL 4777194 at *3 (citing *In re Stone*, 473 B.R. 465, 467 (Bankr. M.D. Fla. 2012)); *In re Durham*, 329 B.R. at 902 (citing *In re Zich*, 291 B.R. 883, 886 (Bankr. M.D. Ga. 2003)).

The Creditor argues that the language of the Consent Order led it to believe that they had an allowed, general non-priority unsecured claim. The Creditor did not believe that it was necessary for it to file a motion to enlarge time to file a proof of claim because the Creditor had already filed a Proof of Claim and the Order deemed it allowed. The Creditor does not dispute that they filed their Proof of Claim after the filing deadline had passed, but they argue that they relied on the language of paragraph two of the Consent Order to indicate that filing a Motion to Enlarge Time to File a Proof of Claim was not necessary.

The Court is not persuaded that the Creditor's reliance on the language of paragraph two excuses the untimeliness of the Creditor's proof of claim. The timeliness requirement, as provided in Rule 3002(c), is not addressed by the language of the Consent Order, nor did the Court give the Creditor permission to file an untimely proof of claim in the Consent Order. The language in the Consent Order describing the claim as "a general non-priority unsecured claim" cannot be reasonably relied on to permit the untimely filing of a proof of claim where the Court

has no authority to do so. Both parties are bound by the language of the Consent Order, but the Consent Order is silent as to the timeliness of filing a proof of claim.

The Debtor argues that the Creditor's untimely filed claim does not satisfy any of the six exceptions set forth in Rule 3002(c) and therefore should be disallowed as untimely. The Creditor concedes that its claim was untimely filed and does not assert that its claim falls within any of the six exceptions stated in Rule 3002(c).

The six exceptions to the claims bar date listed in Rule 3002(c) do not apply to the Creditor's untimely filed claim. Therefore, the Court has no authority to enlarge the time to file the Proof of Claim or allow the untimely filed Proof of Claim pursuant to the statutory construction of Rule 9006(b)(3) in conjunction with Rule 3002(c).[2]

## Conclusion

While all parties are bound by the language of the Consent Order, it does not consider or provide for the untimely filing of a proof of claim. Furthermore, the Court does not have the authority to enlarge the time to file a proof of claim or allow an untimely filed proof of claim in a Chapter 13 case absent the satisfaction of one of the six exceptions to the claims bar date set forth in Rule 3002(c). Therefore, the Court cannot allow the Creditor's untimely filed claim. Because the claim is disallowed as untimely, it cannot be paid out by distributions under the Chapter 13 plan.

For the foregoing reasons, the Court will sustain Mr. Solomon's objection and disallow Wilmington Trust's claim. An order will be entered in accordance with this Memorandum Opinion.

---

[2] While the Court relies on statutory construction to decide this case, it should be noted that allowing this claim would also deprive the other unsecured creditors provided for in the Plan of their rights to due process. Other unsecured creditors would be entitled to notice of a consent order deeming a late-filed claim as an allowed, unsecured non-priority claim, which they did not receive in this case.